# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. M-24- 324 -SM
INFORMATION ASSOCIATED WITH THE CELLULAR )
DEVICE ASSIGNED CALL NUMBER (405) 979-0552 IN THE )
CUSTODY OR CONTROL OF T-MOBILE WIRELESS )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the __Western__ District of __Oklahoma__, there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 4082 | Escape from Constructive Custody |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Terri A. Nichols, Deputy U.S. Marshal Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/10/2024

*Judge's signature*

City and state: Oklahoma City, Oklahoma    SUZANNE MITCHELL, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (405) 979-0552 IN THE CUSTODY OR CONTROL OF T-MOBILE WIRELESS | No. M-24- 324 -SM<br><br>Filed Under Seal |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Terri A. Nichols, a Deputy with the United States Marshal Service ("USMS"), United States Department of Justice, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with call number **(405) 979-0552** (the "**Subject Account**") that is in the custody or control of T-Mobile, a wireless communications service provider headquartered in Parsippany, New Jersey. As a provider of wireless communications service, T-Mobile is a provider of "electronic communications service," as defined in 18 U.S.C. § 2510(15).

2.  The information to be searched is described in the following paragraphs and in **Attachment A**. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to

require **T-Mobile** to disclose to the government the information further described in Section I of **Attachment B**. Upon receipt of the information described in Section I of **Attachment B**, government-authorized persons will review the information to locate the items described in Section II of **Attachment B**.

3. Because the requested warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definition of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act, *see* 18 U.S.C. §§ 3121–3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1). A certification from an "attorney for the Government," as required in 18 U.S.C. § 3122(a)(1) & (b)(2), is attached to this request as **Attachment C**.

4. In sum, this affidavit is made in support of an application for three distinct items: (1) a pen register and trap-and-trace device on the **Subject Account**, pursuant to 18 U.S.C. § 3121–3127; (2) a "ping" on the **Subject Account**, pursuant to 18 U.S.C. § 2703 and Fed. R. Crim. P. 41(c); and (3) an order for historical and prospective cell site data for the **Subject Account**, pursuant to 18 U.S.C. § 2703(d).

5. I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed as a Deputy with the United States Marshal Service since November 2022. Prior to my employment with the United States Marshal's Service, I was a

Detective with Pulaski County Sheriff's Office in Little Rock, Arkansas, and completed my training at the Arkansas Law Enforcement Training Academy in 2017. As a Deputy Marshal and a Sheriff's Deputy within the Criminal Investigations Division, I have received training to investigate felony level crimes, including conducting search warrants to locate and seize items of evidentiary value.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 4082 (Escape from Constructive Custody) were committed by Shomoy Retter (**RETTER**). Further, there is probable cause to believe that **RETTER** is utilizing or in close proximity to a cellular device using the **Subject Account**. Therefore, I submit there is also probable cause to search the information described in **Attachment A** for evidence of these crimes as further described in **Attachment B**.

8. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9. The United States Marshals Service, Western District of Oklahoma, Oklahoma City is conducting a fugitive investigation into **RETTER**'s whereabouts.

10. On April 23, 2021, **RETTER** was sentenced by the Honorable Joe Heaton to 54 months incarceration on each of two counts of Felon in Possession of a Firearm. (20-CR-23-HE).

11. On January 24, 2024, the Bureau of Prison (BOP) transferred **RETTER** to a residential re-entry center located at 400 S. May Avenue, in Oklahoma City, Oklahoma.

12. On March 8, 2024, **RETTER** was transferred to home confinement – still within BOP custody – at his sister's home, located at 134 N.W. 17th Street, Apartment 3, in Oklahoma City, Oklahoma. While on home confinement, **RETTER** was fitted with an electronic monitoring device consisting of a wrist tether and a Tractech cellphone. The wrist tether in conjunction with the Tractech phone provided **RETTER**'s location to BOP.

13. At 1:15 a.m. on April 1, 2024, BOP staff received a notification that **RETTER**'s Tractech phone had gone offline. Attempts were made to contact **RETTER** on his personal cell phone (405) 979-0552, his assigned Tractech Phone (720-814-1859), and via his emergency contact, Shinejah Leerdam. These attempts were unsuccessful. At BOP's request, Oklahoma City Police Department completed a courtesy check of the home confinement address 1:47 a.m., which consisted of visual inspection of the residence, loud knocking and announcement of police presence. However, **RETTER**

was not located at the address. Calls were made to local hospitals, county jails, and police departments, but were unsuccessful in finding **RETTER**.

14. No permission was given to **RETTER** to be absent from his home confinement location.

15. Multiple attempts to make contact at the aforementioned address for home confinement have been made on behalf of the Residential Re-entry Center but have been unsuccessful.

16. On April 3, 2024, a Federal Escape Warrant for **RETTER** was issued pursuant to a Federal Complaint alleging one count of Escape from Custody.

17. On April 5th, 2024, members of the USMS Western Oklahoma Metro Fugitive Task Force made contact with Ms. Leerdam at her home, located at 134 N.W. 17th Street, Apt. 3, in Oklahoma City, Oklahoma.

18. Leerdam denied having any knowledge of **RETTER**'s whereabouts and further advised that she had not spoken to him since Monday, April 1, 2024. Leerdam provided members of the task force with a phone number of (405) 979-0552 for **RETTER**.

19. This telephone number was confirmed with the residential re-entry program staff to be the number that **RETTER** provided to them as his personal cell phone.

20. This telephone number was also found to be associated with a CashApp account under the name "Shomoy Retter".





21.     **RETTER**'s location is currently unknown.

22.     In my training and experience, I have learned that T-Mobile is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or

6

"cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten (10) or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

23. Based on my training and experience, I know that T-Mobile can collect cell-site data about the **Subject Account**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

24. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber

7

Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers—as transmitted from a cellular device to a cellular antenna or tower—can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

25. Based on my training and experience, I know wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may also constitute evidence of the crimes under investigation because the information can be used to identify the **Subject Account**'s user or users and may assist in the identification of the subject and of potential co-conspirators.

26. In my training and experience, I have used cell-site locations, phone pings, and call detail records to analyze subject's pattern of life and then determine through physical surveillance and interviewing of associates if the subject is engaging in criminal activity such as periodic robberies either alone or with co-conspirators. By analyzing

8

records and data provided by cell service providers. In my training and experience, obtaining precise location information for the next forty-five (45) days for the **Subject Account** will assist and aid law enforcement in developing evidence against the user of a device and potentially determining **RETTER's** location.

## AUTHORIZATION REQUEST

27. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Fed. R. Crim. P. 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in **Attachment A** for each communication to or from the **Subject Account**, without geographic limit, for a period of forty-five (45) days pursuant to 18 U.S.C. § 3123(c)(1).

28. I further request the Court utilize its authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Specifically, this warrant seeks to locate a subject who investigators believe is actively evading arrest. There is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation

or unduly delay a trial or revocation hearing, including by: giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subject under investigation could destroy that evidence, including information saved to his personal computers.

29. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

30. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed for a period of one year. These documents discuss an ongoing criminal investigation that is neither public nor

10

31.  known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents as their premature disclosure may jeopardize this investigation.

Respectfully submitted,

_____
Terri A. Nichols
Deputy United States Marshal United States Marshal Service

Subscribed and sworn to before me on April 10, 2024

_____
SUZZANE MITCHELL
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
### Property to Be Searched

1. The cellular telephone assigned call number **405-979-0552** (the "**Subject Account**") whose wireless service provider is **T-MOBILE**, a business with its headquarters located at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the **Subject Account** that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B

## Particular Things to Be Seized

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Subject Account** listed in **Attachment A**:

a.  The following information about the customers or subscribers associated with the **Subject Account** for the time period June 21, 2022, to the present:

   i.  Names (including subscriber names, user names, and screen names);

   ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii.  Local and long-distance telephone connection records;

   iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.  Length of service (including start date) and types of service utilized;

   vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records;

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Subject Account**, including:

   1. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

   2. information regarding the cell tower and antenna face (also known as "sectors" through which the communication were sent and received; and

   3. RTT records, PCMD records, NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.).

b. The following information about the customers or subscribers associated with the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

2

      vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

c. Information associated with each communication to and from the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

      i. Pen Register / Trap and Trace device with prospective cell site information or data about which "cell towers" were used;

      ii. E-911 Phase II data;

      iii. GPS data to include cell tower sector information;

      iv. Latitude-longitude data; and

      v. RTT records, PCMD records, NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.).

## II. Information to Be Seized by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts

3

under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.

4

## ATTACHMENT C

### 18 U.S.C. § 3122 Certification

In support of this application, and pursuant to 18 U.S.C. § 3122, I state that I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. I certify that the information likely to be obtained from the requested warrant is relevant to an ongoing criminal investigation being conducted by the Investigating Agency of the Target Subject(s) for violation(s) of the Target Offense(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraph is true and correct.

____4/10/2024____    _____
DATE                          DAVID R. NICHOLS, JR.
                              Assistant United States Attorney